# UNITED STATES DISTRICT COURT

for the

Southern District of Illinois

| | |
|---|---|
| MATTHEW ALVARADO, | Case Number:    14-832-JPG |
| | (Clerk's Office will provide) |
| Plaintiff/Petitioner(s) | ☒ CIVIL RIGHTS COMPLAINT |
| v. | pursuant to 42 U.S.C. §1983 (State Prisoner) |
| ILLINOIS DEPARTMENT OF COR- | ☐ CIVIL RIGHTS COMPLAINT |
| RECTIONS; S.A. GODINEZ, WEX- | pursuant to 28 U.S.C. §1331 (Federal Prisoner) |
| FORD HEALTH SOURCES, DR. FURLONG, | ☐ CIVIL COMPLAINT |
| DR. LARSON and DR. SANDHU, sued | pursuant to the Federal Tort Claims Act, |
| Defendant/Respondent(s) | 28 U.S.C. §§1346, 2671-2680, or other law |
| in their individual and official capacities. | |

I.    **JURISDICTION**

SCANNED AT BIG MUDDY CC and E-mailed
7-22-14 by C.H. 85 pages
date    initials    No.

Plaintiff:

A.    Plaintiff's mailing address, register number, and present place of confinement.

> Matthew Alvarado — #S17199
> Big Muddy River Correctional Center
> 251 N. Illinois, Hwy 37
> Ina, IL 62846

Defendant #1:

B.    Defendant   **S.A. Godinez**   is employed as
     (a)   (Name of First Defendant)

     **Director**
     (b)   (Position/Title)

with   **Illinois Department of Corrections, 1301**
     (c)   (Employer's Name and Address)

Concordia Court, P.O. Box 19277, Springfield, IL 62794

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government?   ☒ Yes    ☐ No

If your answer is YES, briefly explain: This person is responsible for all operations within the Illinois Department of Corrections (hereafter, "IDoc"). He is being sued in his official capacity as well as his individual capacity.

(Rev. 5/14)

1

Defendant #2:

C.   Defendant _____ Dr. Furlong _____ is employed as

(Name of Second Defendant)

Physician (Dentist)

(Position/ Title)

with Wexford Health Sources, Inc.,

(Employer's Name and Address)

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?   ☐ Yes   ☒ No

If you answer is YES, briefly explain: Wexford Health Sources (Hereafter, "WHS") is the medical provider for the IDOC, which is the provider that Dr. Furlong works for. He is being sued in his personal capacity;

Additional Defendant(s) (if any):

D.   Using the outline set forth above, identify any additional Defendant(s).

Defendant #3: Defendant Dr. Larson is employed as medical physician with Wexford Health Sources, Inc.
This defendant is not employed by any state, local, or federal government. He is employed by WHS.

Defendant #4: Defendant Dr. Sandhu is employed as a dentist with Wexford Health Sources, Inc.
This defendant is not employed by any state, local, or federal government. He is employed by WHS.
These two defendants' are sued in their individual capacities. All defendants' acted and continue to act under color of law at all times relevant to this complaint.

(Rev. 7/2010)

II.    PREVIOUS LAWSUITS

    A.    Have you begun any other lawsuits in state or federal court relating to your imprisonment?    ☐ Yes   ☒ No

    B.    If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline. <u>Failure to comply with this provision may result in summary denial of your complaint.</u>

       1.    Parties to previous lawsuits:
          Plaintiff(s):

          Defendant(s):       N/A

       2.    Court (if federal court, name of the district; if state court, name of the county):   N/A

       3.    Docket number:   N/A

       4.    Name of Judge to whom case was assigned:   N/A

       5.    Type of case (for example: Was it a habeas corpus or civil rights action?):   N/A

       6.    Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?):   N/A

       7.    Approximate date of filing lawsuit:   N/A

       8.    Approximate date of disposition:   N/A

III.    GRIEVANCE PROCEDURE

A.    Is there a prisoner grievance procedure in the institution? ☒ Yes    ☐ No

B.    Did you present the facts relating to your complaint in the prisoner
grievance procedure?                                         ☒ Yes    ☐ No

C.    If your answer is YES,
    1.    What steps did you take? Wrote a grievance on June 13,
2013, and after counselor responded sent to grievance officer.
After which, grievance officer report was denied his claim on
August 22, 2013 plaintiff sent report + grievance to the ARB.
    2.    What was the result? The grievance was denied by
the Administrative Review Board (Debbie Knauer) and con-
curred by defendant S.A. Godinez. (See attached grievance
Exhibits "A", "B," and "C").

D.    If your answer is NO, explain why not.
                                    N/A

E.    If there is no prisoner grievance procedure in the institution, did you
complain to prison authorities?              N/A        ☐ Yes    ☐ No

F.    If your answer is YES,
    1.    What steps did you take?
                                    N/A

    2.    What was the result?
                                    N/A

G.    If your answer is NO, explain why not.
                                    N/A

H.    Attach copies of your request for an administrative remedy and any
response you received. If you cannot do so, explain why not:
            See attached grievance and responses. (Exhibits
"A", "B", and "C")

IV.   STATEMENT OF CLAIM

A.   State here, as briefly as possible, when, where, how, and by whom you feel
your constitutional rights were violated. Do not include legal arguments of
citations. If you wish to present legal arguments or citations, file a separate
memorandum of law. If you intend to allege a number of related claims,
number and set forth each claim in a separate paragraph. If your claims
relate to prison disciplinary proceedings, attach copies of the disciplinary
charges and any disciplinary hearing summary as exhibits. You should also
attach any relevant, supporting documentation.

1.   On May 8, 2012, Plaintiff entered the IDOC and while at the Stateville Receiving Center (NRC) he was seen by a dentist (Dr. Kenneth Broch). Plaintiff informed Dr. Broch that he had purchased some dentures at Bradley Dentist in Bradley, Illinois. However, he was unable to retrieve them because he was in surgery prior to his arrest and incarceration.

2.   Dr. Broch (dentist) at NRC told Plaintiff that he would be able to get dentures at his next placement in the IDOC.

3.   Plaintiff was sent to the Dixon Correctional Center. Plaintiff submitted several request slips to see the dentist at Dixon C.C. but was unable to see anyone before being transferred to Big Muddy River Correctional Center.

4.   Plaintiff arrived at Big Muddy River C.C. on August 1, 2012. He submitted request slips to see a dentist right away. Plaintiff was finally seen by defendant Furlong (Dentist) on February 22, 2013.

5.   On June 3, 2013, defendant Furlong seen the Plaintiff for a 2 year examination, and after he submitted several request complaining of extreme pain and struggles he is having chewing his food.

6.   Defendant Furlong told Plaintiff that in order to get dentures he must pay $250.00 for the lab fees. Plaintiff tryed to explained that not only is he indigent and could not get funds from his family, he already paid alot of money for dentures at the Bradley dental office, in Bradley, Illinois. However, he was unable to retrieve them before his incarceration. (SSI benefits paid for these dentures).

7.   Defendant Furlong went on to say, "IDOC's policy requires that he pay for the lab fees since he entered the IDOC with no teeth." Defendant Furlong further stated, "that Plaintiff could try and get a medical approval by the physician (Defendant Larson), approving his need for dentures for medical reasons". (See attached Exhibit "D", "Administrative Directive," #04-03-102).

8.   IDOC's policy clearly states that, "Dental prothetics (i.e. dentures) shall be provided on a case by case basis as determined clinically necessary by the dentist." It does not say anything about getting medically approved by a medical doctor.

9.   Plaintiff continued to explain how painful it was to chew his food, and the stomach pain he's been experiencing. Defendant Furlong insisted that he pay for his dentures and did not prescribe any medication for his pain.

10.  Plaintiff filed a grievance on June 13, 2013 against defendant Furlong for denying him dentures based on policy guidelines as stated "offender will be required to pay for dentures" by Counselor Matt Marshles. (Grievance Exhibit "A"). However, the policy clearly states, "Offenders who have lost or broken a dental prosthetic through negligence shall be required to pay the dental laboratory fees for replacement (Exhibit "D").

11.  Plaintiff submitted sick call slips to see the medical doctor, and was seen on March 13, 2014. Plaintiff could not afford the $5 co-pay for sick call.

7.

After explaining to defendant Larson all the problems he's been having due to not having any teeth or dentures to chew his food, such as headaches, bleeding and sores in his mouth (See Exhibit "E"), and extreme pain in his mouth and stomach everyday. Dr. Larson still refused to recommend dentures for medical reasons, and did not give him any pain medication (See Exhibit "F").

12.  On March 11, 2014, defendant Sandhu was referred by some one unknown. However, did not order dentures stating that, "Plaintiff does not have enough time left in the IDOC to get them." He also told the physician assistant (PA) that, "he was unfamiliar with our facility policy on this matter." (See Exhibit "E").

13.  Plaintiff is still suffering from cramps in his stomach and bleeding gums, and as a result of not having dentures for over 2 years, he has some permanent facial disfigurements. Plaintiffs daily activities is at a minimum due to a poor diet.

14.  Defendant Larson also stated that "the food in

in the chow hall is soft enough", and refused to order a soft food diet, in order to get the necessary nutrients needed on a daily basis.

15. On information and belief, if the plaintiff does not get dentures soon, as needed, he risks permanent and severe disability.

### Exhaustion of Administrative Remedies

16. Plaintiff has exhausted all his administrative remedies with respect to all claims and to all his defendants.

### Claims for Relief

A. Deliberate indifference to Serious medical needs.

17. The refusal of defendant Furlong to order plaintiff dentures or pain medication constitutes deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

18. Defendant Larson's refusal to medically approve plaintiff's dentures and provide pain medication constitutes deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution.

9.

18. Defendants' IDOC and "Wexford" Medical Provider have a policy which denies prisoners dental prosthetics based on not having any teeth constitutes deliberate indifference to Plaintiffs serious medical needs in violation of the Eighth Amendment to the United States Constitution.

19. Defendant Furlong was following the policy of Wexford Health Sources and IDOC when he denied dentures to Plaintiff which caused him pain constitutes deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

20. The failure of Defendant S.A. Godinez to change the policy denying dental prosthetics to indigent inmates who have no teeth upon entering into the IDOC constitutes deliberate indifference to Plaintiffs serious medical needs in violation of the Eighth Amendment to the United States Constitution.

21. As a result of Defendants Wexford Health Sources, Furlong, Larson and Sandhu failure to provide needed dentures, Plaintiff suffered further injury and physical

10.

22. The failure of defendants Wexford Health Sources, Furlong, harson and Sandhu to provide dentures and pain medication constitutes the tort of negligence under the law of Illinois.

## Relief Request

WHEREFORE, Plaintiff request that this Court grant the following relief:

A. Declare that Defendant Wexford Health Sources violated Plaintiff's Eighth Amendment **right to his** serious medical needs, and constitutes negligence under state law.

B. Declare that Defendant Furlong violated Plaintiff's Eighth Amendment right to medical care, and negligence under state law.

C. Declare that Defendant Larson violated **Plaintiffs** Eighth Amendment right to medical care, and negligence under state law

D. Declare that Defendant Sandhu violated Plaintiffs Eighth Amendment right to medical care, and negligence under state law

E. Issue an injunction requiring Defendants IDOC, Godinez and Wexford Health Sources provide dentures to Plaintiff.

11.

F.  Award compensatory damages in the following
amounts:

1. $100,000 jointly and severally against IDOC, Godinez,
~~and Wexford Health Sources as defendants who's policy~~
deny plaintiff medical care and physically and emotionally
injured him as a result of inadequate medical care.

2. $50,000 jointly and severally against defendants'
Furlong, Larson and Sandhu for the physical and
emotional injury from their failure to provide adequate
medical care to the plaintiff.

G. Award punitive damages in the following amounts:
1. $25,000 each against defendants IDOC, Godinez and
Wexford Health Sources;
2. $25,000 each against defendant, Furlong, Larson
and Sandhu.

H. Grant such other relief as it may appear that
plaintiff is entitled.


Date: July 22, 2014

Respectfully Submitted,

by: Matthew Alvarado
Matthew Alvarado  B17399
251 N. Illinois , Key 37
Ina, IL   62846

12.

V.    REQUEST FOR RELIEF

State exactly what you want this court to do for you.  If you are a state or federal
prisoner and seek relief which affects the fact or duration of your imprisonment (for
example: illegal detention, restoration of good time, expungement of records, or
parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C.
§§ 2241, 2254, or 2255.  Copies of these forms are available from the clerk's office.

(See attached relief requested on pages 11 and 12).


VI.    JURY DEMAND (check one box below)

The plaintiff ☒ does  ☐ does not request a trial by jury.


## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full
compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The
undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.


Signed on: __July 22 2014__
                (date)

__251 N. ILLINIOS, HWY 37__
        Street Address

__Ina, Illinois  62846__
        City, State, Zip

_____
Signature of Plaintiff

__Matthew ALVARADO__
        Printed Name

__B17199__
Prisoner Register Number

__N/+__
Signature of Attorney (if any)



# **<u>APPENDIX</u>**

Exhibit A.

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: June 13, 2013 | Offender: (Please Print) Matthew Alvarado | ID#: B17199 |
|---|---|---|

Present Facility: ~~Pinckneyville Correctional Center~~ Big Muddy Correctional Center

Facility where grievance issue occurred: ~~Pinckneyville Correctional Center~~ Big Muddy Correctional Center

**NATURE OF GRIEVANCE:**

☐ Personal Property  ☐ Mail Handling  ☐ Restoration of Good Time  ☐ Disability
☐ Staff Conduct  ☐ Dietary  ☒ Medical Treatment  ☐ HIPAA
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator  ☐ Other (specify):

☐ Disciplinary Report: ___/___/___
    Date of Report              Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On June 3, 2013, I went to see the dentist (Dr. Furlong) about getting some dentures, because I have been having a hard time eating here in the chow hall. Not only is the food hard sometimes but the time we have to eat is so short that I can't finish my meals quick enough with no teeth to chow my food. Dr. Furlong proceeded to tell me that I ~~could~~ was not getting any dentures, unless I paid $250.00 which I told him that I do not have that kind of money to pay. I do not have anyone out in the free world who would be willing to support me in this serious medical need. I persisted to tell Dr. Furlong that I am unable to chew my food, and it hurts when I eat something that is hard to chew. I also told him That I

**Relief Requested:** I would like the I.D.O.C. or the Medical Care Provider to buy my dentures, and as a result of the pain I have experienced to compensate me with the amount of $10,000 for the damages as a result of denying me.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Matthew A. Alvarado_ _____ B17199 ___ 06 / 13 / 2013
    Offender's Signature                 ID#            Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 8 / 13 / 13   ☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Per HCU Administrator; Offender, medical records were reviewed. Offender entered IDOC 5/8/12 with NO teeth. Per guidlines offender will be charged to pay for dentures.

_Matt Merskes_ _____ _MMS_ ___ 8 / 14 / 14
    Print Counselor's Name          Counselor's Signature      Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___   Is this determined to be of an emergency nature?
    ☐ Yes; expedite emergency grievance
    ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

    ST

_____   ___/___/___
Chief Administrative Officer's Signature      Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

I have been experiencing constipation as a result. I believe that I'm not chewing my food all the way which is making my stole hard, and my digestive system disfunctional. I have notice that I have been losing weight and getting headaches more often. When I came into the I.D.O.C. 5/5/2012 the doctor over at the Stateville Receiving Center (NRC) told me that I should be able to get dentures when I get to my next place of residence which was Dixon C.C., but they would not call me in to see the dentist while I was there. So, when I arrived here at Big Muddy C.C., I immediately put in to see the dentist which took about 6 months to see Dr. Furlong. On June 10, 2013, I received a call pass to see Dr. Furlong for my birthday check-up, at which time he denied me my dentures once again. I seen his assistant who only seen me for ten seconds, and would not listen to my request for dentures. Dr. Furlong also stated to me that I would not get any dentures if I didn't have existing teeth, any teeth that needed pulling or the money to pay for the dentures. I am unable to get the funds to pay for these dentures, and for Dr. Furlong or the medical provider to deny me dentures as their policy may state is a claim of deliberate indifference to my serious medical needs, a violation of my Eighth Amendment right against cruel and unusuall punishment.

"END"

Exhibit B                                                  4-D-28

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO COMMITTED PERSON'S GRIEVANCE**

| Grievance Officer's Report |
| --- |

Date Received: 8/20/2013 _____   Date of Review: 8/22/2013 _____   Grievance # (optional): _____

Committed Person: Matthew Alvarado _____   ID# B17199 _____

Nature of Grievance: Health Care Unit/Dental Department (Dentures) _____
Facts Reviewed: Offender alleges/grieves that he went to see the Dentist about obtaining Dentures. Offender alleges that he was told by the Dentist (Furlong) that in order to obtain Dentures the Offender would have to pay for them. Offender claims that he has no one to send him the money and requests that the Illinois Department of Corrections or the Health Care Provider purchase his Dentures.

Spoke with the Health Care Unit Administrator and the Dental Department concerning allegations in Grievance. Offender arrived into I.D.O.C. with no teeth. Per policy offenders who are admitted into I.D.O.C. without teeth are responsible for the cost of Dentures unless otherwise determined by a Medical Doctor. There is currently no documentation in offender's Medical File ordering Dentures from a Medical Doctor.

Recommendation:
Based on all available information it is recommended the grievance be denied.


Shane Tasky C.C. II
Print Grievance Officer's Name                              Grievance Officer's Signature   C.C. II
(Attach a copy of Committed Person's Grievance including counselor's response if applicable)

| Chief Administrative Officer's Response |
| --- |

Date Received: ___ 8.26.13 _____   ☑ I concur   ☐ I do not concur   ☐ Remand

Comments: _____

Chief Administrative Officer's Signature                              8 / 26 / 13
                                                                                          Date

| Committed Person's Appeal To The Director |
| --- |

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Matthew Alvarado                         B17199                  8 / 29 / 13
Committed Person's Signature                   ID#                      Date

*Exhibit C*



**Illinois**
Department of
**Corrections**

**PAT QUINN**
Governor

**S.A. GODINEZ**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

Offender Name: *Alvarado, Matthew*  Date: *4/25/14*

Register # *B17199*

Facility: *BMRCC*

This is in response to your grievance received on *9/6/13*. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

**Your issue regarding: Grievance dated:** *6/13/13* **Grievance Number:** *—* **Griev Loc:** *BMRCC*

- ○ Transfer denied by the Facility or Transfer Coordinator
- ○ Dietary _____
- ○ Personal Property _____
- ○ Mailroom/Publications _____
- ○ Assignment (job, cell) _____

- ○ Commissary _____
- ○ Trust Fund _____
- ○ Conditions (cell conditions, cleaning supplies)
- ○ Disciplinary Report dated _____
  Incident # _____
- Ø Other *Medical - denied dentures*

**Based on a review of all available information, this office has determined your grievance to be:**

- ○ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.
- ○ Denied, in accordance with DR504F, this is an administrative decision.
- Ø Denied, this office finds the issue was appropriately addressed by the facility Administration.
- ○ Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)
- ○ Denied, as the transfer denial by the facility/TCO on _____ was reviewed in accordance with transfer procedures and is an administrative decision.
- ○ In addition, property items are to be disposed of in accordance with DR501C.

- ○ Denied as the facility is following the procedures outlined in DR525.
- ○ Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.
- ○ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.
- ○ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.
- ○ Denied as the security staff are following the established schedule for dispensing cleaning supplies to the offender when possible.

Ø Other: *Monetary compensation beyond scope of this office*

FOR THE BOARD: *Debbie Knauer*  CONCURRED: *S.A. Godinez*
Administrative Review Board    Director   4/29/14

CC:  Warden, *Big Muddy River* Correctional Center
*Alvarado, Matthew*, Register No. *B17199*

Exbibit "D"

Administrative Directive:   04-03-102

6.   Dental Prothetics:

a.   Removable dental prosthetics shall be provided on a case by case basis as determined clinically necessary by the dentist.

   (1) If an interior tooth is axtracted during incarceration or prosthetics that were made before incarceration become nonfunctional, appropiate dental prosthetic devices shall be provided.

   (2) If a posterior tooth is extracted during incarceration, a prosthetic device may be fabricated but is not mandated unless three or more of the missing teeth are required for mastication.

b.   Offenders who have lost or brken a dental prosthetic through negligence shall be required to pay the dental laboratory fee for replacement. The offender shall be required to sign a request for payment, DC 828, authorizing the deduction of pay from present funds in his or her trust fund account. The time frame for replacement shall be according to priority and availability as determined by the dentist.

| Date | Service Rendered | D.D.S. Signature | Date | Service Rendered | D.D.S. Signature |
|---|---|---|---|---|---|
| MAY 0 8 2012 | R&C EXAM BANK INSTRUCTIONS GIVEN CHART REVIEW ☒NO TREATMENT NEEDED | _Kenneth Broadnax_ DDS | 3.1.14 9:15 Am | Dr. Sandhu called and said he cannot respond to referral being sent in on this inmate. (He claims to be indigent and can't pay for his dentures F/F) Dr. Sandhu said he is not familiar with our facility policy on this matter. She told us she should speak with Dr on the matter. After speaking with DON she suggested the dentist and Dr. Lemon get weight checks on this patient | C. Franklin OA |
| 5/23/12 | | O'Brien DDS | | | |
| 7.1.13 | CHART & X-RAY REVIEW | O'Brien | | | |
| 6.3.13 2:55 pm | Reviewed + 2yr exam S/pt wants F/F dentures Pt will need to self pay _w/Copay_ | O'Brien DDS | | | |
| 3.4.14 1:01 pm | pt has no F/F lost them on the streets Pt would be Responsible for F/F lab cost Pt has bone exposed from edge of gum area @ #9 area + #24, 25 am Will submit for F/F Approval | | | | |

DC 7126 (Rev. 10/87)
IL 426-0018

Exhibit "E"

Exhibit "F"

ILLINOIS DEPARTMENT OF CORRECTIONS

### Offender Outpatient Progress Notes

### BIG MUDDY RIVER CORRECTIONAL   Center

Offender Information:

Alverson        Matthew        ID#: 317199
Last Name        First Name        MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| | | |
| 3-2-14 10:15A | ...48 line ~~BLOOD~~ DRAWN FROM | PLAN 1) ~~AWAIT RESULTS~~ 2) RETURN TO HEALTH C FOR PROBLEMS A PUNCTURE sit. |
| | LAC | |
| | Acute hep Panel | J. Story CDN |
| 3/13/14 12 | MD SICK CALL T 96.4  P 61  RR 14 B/P 114/62  WT 210 | |
| | [?] Hrny swollen Crohn's Dental to mle denture | [?] he rt sickly |
| | c VSS NAD | |
| | estalish . def | |
| | then | |
| | A) SHL6 . ut lm ducs | [signature] |

DOC 0084 (Eff. 9/2002) (Replaces DC 7147)

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

**BIG MUDDY RIVER CORRECTIONAL** Center

Offender Information:

_Alvarado_ _Matthew_ ___ ID#: _817199_
Last Name          First Name          MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 3/18/14 13:40 | S: on line for lab result | P: ① Discussed lab result c̄ Pt. |
| | O: lab: 3/7/14 (see report) Acute Hepatitis Panel : Negative | Hepatitis Panel Negative |
| | A: lab : Hepatitis Panel Negative | ② F/U prn |
| | | PDC Gbaw PDC |
| | | |
| 6/4/14 3k | AB-INE ALVARADO 817199 BLOOD DRAWN FROM CPEP, Lipid | PLAN 1) AWAIT RESULTS 2) RETURN TO HEALTHC FOR PROBLEMS A PUNCTURE SIT. |
| | | |
| | | |
| | | |

# UNITED STATES DISTRICT COURT

for the

Southern District of Illinois

MATTHEW ALVARADO,
)
*Plaintiff(s)*
)
v.
)   Case Number:   14-832-JPG
ILLINOIS DEPARTMENT OF CORRECT;
)
IONS, et al.,   *Defendant(s)*
)

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2014, I electronically filed *a civil rights Complaint and other motions* _____ with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

*United States District Court for the Southern District of Illinois*

and I hereby certify that on [date], I mailed by United States Postal Service, the document(s) to the following non-registered participants:

Respectfully submitted,

*Matthew Alvarado B17199*
Name of Password Registrant
*251 N. Illinois, Hwy 37*
Address
*Ina, IL 62846*
City, State, Zip

Phone (___)   *N/A*
Fax (___)   *N/A*

E-mail. _____ @ _____
*N/A*
Attorney bar number (if applicable)