IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW ALVARADO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-00832-JPG-PMF |
| ) | |
| S. A. GODINEZ, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's motion for a temporary restraining order or preliminary injunction (Doc. No. 5). Supporting and opposing materials are on file (Doc. Nos. 6, 29). An evidentiary hearing was held on August 26, 2014.

Plaintiff Matthew Alvarado is challenging the conditions of his confinement at Big Muddy River Correctional Center, alleging that his Eighth Amendment right to be free from cruel and unusual punishment has been violated. In particular, he claims that, after he arrived in custody without teeth in May, 2012, the defendants responded to his need for dental treatment with deliberate indifference. In this motion, plaintiff seeks an order directing the defendants to provide him with free dental treatment in the form of dentures.

In order to succeed on his motion, Alvarado must demonstrate that: (1) no adequate remedy at law exists, (2) he will suffer irreparable harm if the injunction is not granted, (3) the irreparable harm he will suffer outweighs the harm to the defendants if the injunction is granted, (4) he has a reasonable likelihood of prevailing on the merits, and (5) the injunction will not harm the public interest. *Joelner v. Vill. of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004). Plaintiff has the burden of proof to make a clear showing that he is entitled to a TRO. *Goodman v. Illinois Dep't of Fin. and Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir.

2005). Any injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

Plaintiff met with defendant Furlong in 2012. Furlong advised that Alvarado would bear the financial responsibility for the laboratory fee that would be assessed for the process of developing dentures, which was estimated at $250.[1] The process for obtaining dentures did not get underway because Alvarado was unable to prepay the laboratory fee. He met with defendant Dr. Larson, who determined that dentures were not a medical necessity, based in part on his understanding that Alvarado was able to consume the food served in the prison's chow hall. Specifically, Larson thought the diet served to inmates was soft enough to be consumed by Alvarado. While Alvarado does consume food at the chow hall, he does so by cutting or mashing food into pieces small enough to swallow with little or no chewing. He eats with some difficulty and lost a considerable amount of weight over the past two years, down to approximately 190 pounds from 230. Because Alvarado reported his height at 5 foot 11 inches tall, his weight loss does not appear to present a serious health concern and may be beneficial to Alvarado's overall good health. Aside from weight loss, Alvarado experiences headaches and nausea, which he attributes to his inability to chew his food.

Alvarado anticipates that he will be released from confinement on September 30, 2014. He may have a full set of dentures waiting for him at a dental office in his hometown. Before he was incarcerated, he was Medicaid-eligible. A dentist fitted him for dentures but Alvarado did not pick them up prior to his arrest. It is possible that the dentures crafted for Alvarado in 2012 will need to be modified or replaced due to the passage of time. Alvarado might be able to arrange for dental treatment upon his release.

---

[1] The Illinois Department of Corrections has a policy of providing dental prosthetics to inmates with a clinically necessary need for them without charge (Doc. No. 29-1).

The record at this point does not support the issuance of a temporary restraining order or a preliminary injunction. Alvarado has an adequate legal remedy in the form of compensatory damages, which may be awarded in an appropriate sum if a jury ultimately determines that Alvarado had a serious dental need for free dentures and that one or more of the defendants responded with deliberate indifference by delaying his access to necessary dental care. The information does not show that Alvarado faces an imminent risk of irreparable harm. He is not malnourished and has not experienced drastic weight loss to a point well below the ideal weight range for his height. Alvarado's likelihood of success on the merits remains questionable in light of Dr. Larson's professional conclusion that Alvarado did not have a serious medical need for dentures in light of the soft diet served in the chow hall. If Dr. Larson reached the wrong professional conclusion regarding Alvarado's medical needs, his conduct would more closely resemble negligence as compared to deliberate indifference. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)(a medical decision must fall far afield of acceptable professional standards to raise the inference that it was not based on a medical judgment). An order directing the defendants to begin the process of denture fitting now would not serve the public interest, as there is no indication that the process could be completed before Alvarado is released and completed dentures may be waiting for Alvarado at a dental office in his hometown.

IT IS RECOMMENDED that Matthew Alvarado's motion for a TRO or preliminary injunction (Doc. No. 5) be DENIED.

**SUBMITTED:** September 2, 2014.

s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**